# Swayze *against* Ormsby.

In the trial of an action of partition, evidence of *ouster* is for the jury, not for the court: and it is error to charge the jury that there was no legal or actual possession shown in the plaintiffs, and that they therefore could not recover.

WRIT of error to the court of common pleas of *Alleghany* county.

This was an action of partition brought by Gabriel Swayze and Mary his wife, formerly Mary Ormsby, against Oliver Ormsby and Sydney Gregg, by Neville B. Craig, the committee of her person and estate.

On the trial of the cause, the *point* was submitted by the counsel of the plaintiffs to the court below :

" That an actual *ouster* must be proved ; and whether there is such *ouster* or not, is a question for the jury."

On this point the court charged as follows : " In the present case there is not only evidence from which the jury may presume an *ouster*, but the circumstances of the case are such as induce me to say to the jury that there has been no legal or actual possession shown in the plaintiffs, and that therefore they cannot recover."

This opinion was assigned for error.

*Fetterman* and *Forward*, for plaintiffs in error, contended, that the points submitted on behalf of the plaintiffs to the court below, should have been fairly answered. But the charge of the court was of a binding character, and was therefore erroneous. The question of *ouster* or no *ouster* was one on which it was the province of the jury to decide. Jones *v.* Wildes, 8 *Serg. & Rawle* 150 ; Childertson et al. *v.* Hammon, Assignee of Rosenberger, 9 *Serg. & Rawle* 68 ; Sampson *v.* Sampson et al., 4 *Serg. & Rawle* 329 ; Larkin *v.* Mann et al., 2 *Paige's Ch. Rep.* 28 ; Wilkin et al. *v.* Wilkin, 1 *Johns. Ch. Rep.* 117.

[Swayze v. Ormsby.]

*Watts*, for defendants in error, cited, Martin *v.* Martin, 17 *Serg. & Rawle* 433.

PER CURIAM.—The effect of the evidence was for the jury, and not for the court. But the instruction that the circumstances of the case were such as to induce the court to say that there has been no legal or actual possession shown in the plaintiffs, and that they cannot therefore recover, was a binding direction in matters of fact. The conclusion indicated might have been proper, if drawn by the jury ; and as the exception points to the assumption of the powers of the jury by the court, we intimate no opinion on the principles involved in the action.

Judgment reversed, and a *venire de novo* awarded.